**H. P. SELMAN & COMPANY, Appellant,**

v.

**Louise GOLDSTEIN, Appellee.**

Court of Appeals of Kentucky.

March 25, 1955.

Rehearing Denied May 27, 1955.

Woodward, Hobson & Fulton, Fielden Woodward, Louisville, for appellant.

Joseph R. Rubin, Hays & Fahey, Louisville, for appellee.

CULLEN, Commissioner.

Mrs. Louise Goldstein sued H. P. Selman & Company to recover damages for personal injuries alleged to have been sustained when the doors of an elevator in the Selman department store in Louisville were negligently closed upon her as she was leaving the elevator. The only defense asserted was that the injuries for which Mrs. Goldstein sought recovery were not sustained in the elevator incident, but at a time some two years previous thereto, when Mrs. Goldstein fell on a sidewalk. The jury found for Mrs. Goldstein, returning a verdict of $7,000. The Selman company appeals from the judgment entered upon the verdict.

The appellant maintains that the judgment should be reversed because of (1) erroneous instructions, (2) the admission of incompetent evidence, and (3) misconduct of Mrs. Goldstein's attorney in his opening statement and closing argument and in his cross-examination of witnesses.

■ The claim of error in the instructions has reference to the wording of Instruction No. 1, which authorized the jury to find for the plaintiff if the jury believed the plaintiff "was injured as a result of being caught between the closing doors of the elevator * * *". The contention is that the court should have qualified the word "result" by the word "proximate," or otherwise have embodied in the instructions the factor of *proximate cause*. We find no merit in this contention. The only issue upon the trial was whether Mrs. Goldstein received her injuries in the elevator accident or in the previous accident. The question was not one of proximate cause, but as to *when* the injuries were received.

The alleged errors in the admission of incompetent evidence are inconsequential, and it is conceded by appellant's counsel that these alleged errors, standing alone, would not warrant reversal of the judgment. We have considered the items of evidence complained of, and, we find little basis for questioning the competence of the evidence. It will suffice to say that there was no prejudicial error in the admission of evidence.

■ The major complaint is addressed to the alleged misconduct of Mrs. Goldstein's attorney in his opening statement and closing argument, and in his cross-examination of witnesses, particularly the defendant's medical expert.

As we previously have indicated, the issue upon the trial was as to when Mrs. Goldstein received the injuries sued for, and a substantial amount of the evidence consisted of medical testimony. In his opening statement, Mrs. Goldstein's attorney went into great detail as to what the medical proof would be, and he related some transactions and conversations with the defendant's medical expert (as to which he later testified upon the trial), tending to show that the medical expert frequently was employed by the law firm representing the defendant and would not testify against a client of that law firm; also that the medical expert had examined Mrs. Goldstein and had stated that her present injuries were not due to the previous accident. The attorney further made reference to the kind of operation that would be necessary to correct Mrs. Goldstein's condition, and made such statements as "One of the doctors wanted to drill holes in her head," and "Nobody wants a knife stuck in her neck." At a later point, having reference to the defendant's claim that the injuries were received in the first accident, he asked, "What does the defendant do when they are out on a limb on liability?" At another point he said, "To me it is just another case, but to this lady it is her life."

We do not commend the general character of opening statement that was here made. Ordinarily, counsel should confine himself to a brief statement of the plaintiff's claim and an outline of the evidence to be relied upon, without going into the minute details of the evidence. However, in this case there was some possible justification for the detail, because the issue was a very narrow one. We are not prepared to say that the general character of the statement here was prejudicial.

As concerns the specific statements complained of, objections were sustained to them, and in one instance the attorney was admonished. It is the contention of the appellant that the statements were so inflammatory as to have required a discharge of the jury. We are not impressed that the statements were so inflammatory as to prejudicially influence the jury. Ordinary citizens, serving on juries, have come to expect some extravagance of statement on the part of attorneys. There was no appeal to class prejudice, as was the case in Southern-Harlan Coal Co. v. Gallaier, 240 Ky. 106, 41 S.W.2d 661, and Whitney v. Penick, 281 Ky. 474, 136 S.W. 2d 570.

The portion of the opening statement concerning the defendant's medical expert was somewhat irregular, and should not have been permitted, because it dealt with impeaching evidence, but it is difficult to find any basis for holding that it was prejudicial. The plaintiff's attorney subsequently testified as a witness to the facts mentioned in the opening statement, and if any harm was done it was in permitting the attorney thus to tell his story twice to the jury. We are not disposed to believe that the story was made more credible merely by virtue of its repetition by the attorney as a witness, after he had first stated it as counsel.

The criticism of the conduct of the plaintiff's attorney in the treatment of witnesses relates primarily to his cross-examination of the defendant's medical expert. We have examined the transcript, and while we find that the attorney was aggressive in attempting to break down the doctor's testimony, he was not unduly abusive under the circumstances.

■ In the course of his closing argument, the plaintiff's attorney at one point urged the jury, in substance, to invoke the Golden Rule. An objection to this remark was sustained, but defendant's motion to discharge the jury was overruled. We find no error in this.

At another point in his closing argument, the plaintiff's attorney referred to the defendant's medical expert as "the working employe." This statement was made in reference to the evidence that the doctor was frequently retained by the law firm representing the defendant, to make medical examinations and to testify as a medical expert. The remark was improper, but can hardly be considered prejudicial. The descriptive term employed in referring to the doctor had some basis in the evidence, and there is no reason to believe that the jury was prejudiced merely by the use of this term.

■ There was ample evidence to sustain the verdict, and the amount of the verdict is not unduly liberal. There is nothing about the verdict to suggest that bias or prejudice played a part. The trial lasted four days, and the scattered incidents of improper conduct, when weighed in the light of the entire record, do not achieve much magnitude.

We are not to be understood as approving or condoning any of the conduct complained of. Under all of the circumstances of this case we believe the conduct here was not prejudicial, but we feel strongly that the trial judges should be vigilant in preventing such conduct. Particularly are we critical of the character of opening statement that was permitted.

We call attention to the fact that Mrs. Goldstein engaged different counsel for this appeal, and that present counsel did not represent her upon the trial.

The judgment is affirmed.